**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 20-218 |
| PATRICIA MURRIETTA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Defendant Patricia Murrietta and 26 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  (Docket No. 3).  Following a detention hearing, a magistrate judge in the District of Arizona released Defendant on bond and the Government moved to revoke the release order.  (Docket Nos. 132, 225-5).  The parties subsequently submitted extensive briefing and additional evidence to supplement the record and the Court held a hearing on the Government's motion on January 7, 2021, at which time the Court took the matter under advisement.  (Docket No. 519).  On January 14, 2021, the Court issued a Memorandum Opinion and Order granting the Government's motion, revoking Defendant's bond, and ordering that she shall be detained pending trial or other disposition of this matter.  (Docket Nos. 527, 528).  In so ruling, the Court considered the four factors set forth in 18 U.S.C. § 3142(g) and found that there is no condition or set of conditions which will reasonably assure Defendant's appearance as required and the safety of the community if she were to be released.  (Docket No. 527 at 13-21).

On January 14, 2021, Defendant appealed the Court's Order of pretrial detention, (Docket No. 529), and her appeal currently remains pending in the Third Circuit Court of Appeals.  Given Defendant's appeal of the detention order, this Court presently lacks jurisdiction over at least that aspect of her case.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The

1

filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Nonetheless, on January 27, 2021, Defendant filed with this Court a Motion for Reconsideration of Order Denying Bond. (Docket No. 541).

Although not referenced in Defendant's Motion for Reconsideration, Federal Rule of Criminal Procedure 37(a) provides the Court with three options when confronted with a timely motion for relief that the Court lacks authority to grant because an appeal has been docketed and is pending. In such a scenario, the Court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the Court of Appeals remands for that purpose or that the motion raises a substantial issue. *See* Fed. R. Crim. P. 37(a). In this case, the Court elects option two and will deny Defendant's timely filed Motion for Reconsideration for the reasons that follow.[1] *See id.* Advisory Committee Notes (stating that a district court can "entertain the motion and deny it"); *United States v. Gonzalez*, Crim. No. 12-759 & 20-271, 2021 WL 83394, at *1 (D.N.J. Jan. 8, 2021) ("Option two allows a court to 'consider the motion on its merits (that is, entertain it) and deny it.'") (quoting *United States v. Tuitele*, Crim. No. 13-00593, 2021 WL 54506, at *2 (D. Haw. Jan. 6, 2021)).

Initially, it is settled that a motion for reconsideration may be filed in a criminal case. *See United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). "A motion for reconsideration is not

---

[1] As one appellate court has explained, "[b]efore a district court may exercise jurisdiction under Fed. R. Crim. P. 37—and effectively sidestep the rule that a notice of appeal divests it of jurisdiction as to matters pending on appeal—the motion for relief must be timely." *United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016) (citing Fed. R. Crim. P. 37(a)). A motion for reconsideration in a criminal case is timely if it is filed within the time for filing an appeal. *United States v. Thompson*, No.4:CR-99-89-02, 2008 WL 11242953, at *1 (M.D. Pa. Apr. 10, 2008) (citing *Browder v. Director, Dep't of Corr. of Illinois*, 434 U.S. 257, 268 (1978)); *United States v. Enigwe*, Crim. No. 92-257, 2006 WL 1340527, at *2 (E.D. Pa. May 15, 2006) (citing *Browder*, 434 U.S. at 268) ("[A]bsent a rule specifying a different time limit, a petition for rehearing in a criminal case would be considered timely when filed within the original period for review.")). Pursuant to Fed. R. App. P. 4(b)(1)(A)(i), Defendant had 14 days from "the entry of … the order being appealed" to file her notice of appeal. Thus, Defendant's Motion for Reconsideration is timely because it was filed 13 days after the challenged detention order.

to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (citation omitted). Therefore, the Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). In sum, "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (citation omitted).

Defendant has made no showing in her Motion that reconsideration is warranted. She does not point to any intervening change in controlling legal authority, she does not argue that any previously unavailable evidence or information has come to light concerning the matter of her pretrial detention, nor does she establish that there is a need to correct a clear error of law or fact or to prevent a manifest injustice. Rather, Defendant repeats arguments that she previously made and summarizes evidence that was available to the Court when it ruled on the Government's motion to revoke the release order. Accordingly, Defendant's Motion is denied for reasons previously discussed at great length in its Memorandum Opinion. To briefly reiterate: the charge Defendant faces raises the rebuttable presumption that no condition or combination of conditions will reasonably assure her appearance and the safety of the community; even if Defendant satisfied her burden to rebut the applicable presumption, the available information and proffered evidence on each of the factors under 18 U.S.C. § 3142(g) weigh in favor of detention; the nature and

3

circumstances of the offense involve a serious charge of conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine for Defendant's alleged involvement in transporting narcotics proceeds from the DTO's cocaine trafficking activities from the United States to Mexico; if convicted, Defendant faces a statutory mandatory term of not less than ten years and up to life imprisonment; while recognizing that Defendant is presumed innocent of the charged offense, the weight of the evidence against her favors pretrial detention; Defendant has no ties whatsoever to the Western District of Pennsylvania where the case is pending, she engages in frequent international travel and she faces a substantial penalty if convicted which provides incentive to flee; and release on bond would pose a serious risk of her continued drug trafficking activities.  (Docket No. 527 at 12-21).  Defendant has advanced nothing new in her Motion for Reconsideration to alter these findings, and therefore the Court is unable to conclude that conditions now exist which would assure Defendant's appearance and the safety of the community if she were to be released.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 1st day of February, 2021, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration of Order Denying Bond (Docket No. 541) is DENIED pursuant to Fed. R. Crim. P. 37(a)(2).

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge


cc/ecf:  All counsel of record